# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2578

_____

United States of America,        *
                                   *

           Appellee,       *

                                   *   Appeal from the United States

      v.                      *   District Court for the

                                   *   District of Nebraska.

Tyrone Davis, also known as T-Row,  *

                                 *     [UNPUBLISHED]

          Appellant.     *

_____

Submitted: November 27, 2006
Filed: November 30, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Tyrone Davis (Davis) pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base mixture (crack) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). Over Davis's objection, the district court[1] calculated a Category VI criminal history based on 15 criminal history points, which included 3 points for a sentence imposed following a court-martial proceeding that found Davis guilty of various military criminal charges. The district court sentenced Davis to 292 months' imprisonment and 5 years' supervised release. On

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

appeal, Davis's counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel in his <u>Anders</u> brief and Davis in a pro se supplemental brief argue the district court erred by assigning the disputed criminal history points because the sentences were misdemeanors and were not sufficiently long to warrant the assignment of 3 criminal history points. Counsel also argues the court should have applied the rule of lenity at sentencing, and Davis contends he should have been sentenced for cocaine as opposed to crack. By separate motion, Davis requests the appointment of new counsel. We affirm.

"We review de novo the district court's application of the guidelines and review for clear error its underlying findings of fact." <u>United States v. Scott</u>, 448 F.3d 1040, 1043 (8th Cir. 2006). After the court-martial proceedings, the military court sentenced Davis to four consecutive sentences of 12 months' imprisonment. By asssessing 3 criminal history points for Davis's military convictions, the district court properly calculated Davis's criminal history points because the four consecutive sentences were imposed in related cases. <u>See</u> U.S.S.G. § 4A1.2(a)(2) (prior sentences imposed in related cases must be treated as one sentence for purposes of U.S.S.G. § 4A1.1(a)); <u>id.</u> cmt. n.3 (prior sentences resulting from offenses that were consolidated for trial and sentencing are related).

The remaining arguments also fail. Davis did not object to the recommendation in the presentence report that he should be held responsible for 1.5 kilograms of cocaine base for a base offense level of 38, <u>see</u> <u>United States v. Beatty</u>, 9 F.3d 686, 690 (8th Cir. 1993), and the rule of lenity does not apply because Davis's sentence was not based on any ambiguous Guidelines provision, <u>see</u> <u>United States v. Oetken</u>, 241 F.3d 1057, 1060 (8th Cir. 2001). Further, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issue.

Accordingly, we affirm the district court's judgment, grant counsel's motion to withdraw, and deny Davis's request for new counsel.

_____