**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chucky L. WANTON, Defendant–Appellant.**

**No. 08–1813.**

United States Court of Appeals,
Eighth Circuit.

Submitted: April 22, 2008.

Filed: May 7, 2008.

Chucky L. Wanton, Pro se.

Kenneth P. Elser, Asst. U.S. Atty., Fort Smith, AR, for Appellee.

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

---

PER CURIAM.

Chucky Wanton appeals from the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (U.S.S.G.), which reduced certain base offense levels in

---

**1.** The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

U.S.S.G. § 2D1.1(c) depending on the quantity of cocaine base (crack) involved.

Wanton pled guilty to distributing a controlled substance, namely more than 50 grams of crack, and was sentenced to 135 months imprisonment. Judgment was entered on September 25, 2006. In December 2007 Wanton filed a motion to reduce his sentence, citing Amendment 706. The district court denied the motion, and Wanton appeals.

Wanton's sentence was based on a finding that his relevant conduct involved more than 4.5 kilograms of crack, and the new amendment does not apply where more than 4.5 kilograms of crack is involved. U.S.S.G. § 2D1.1 cmt. n. 10(D)(ii). Because of the amount of drugs Wanton was involved with, his offense level would not change, his guideline range would not be lowered, and his original sentence is unaffected by the amendments. *See* U.S.S.G. § 1B1.10(a)(2)(B).

Accordingly, the district court's order denying relief pursuant to the guideline amendments is summarily affirmed. *See* 8th Cir. R. 47A(a).