FILED
United States Court of Appeals
Tenth Circuit

January 8, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD B.W. EVANS, JR.,

Defendant - Appellant.

No. 08-5131

(N.D. Oklahoma)

(D.C. No. 4:90-CR-00031-GKF-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Donald B. W. Evans, Jr., proceeding pro se, moved the United States

District Court for the Northern District of Oklahoma under 18 U.S.C. § 3582(c) to

modify the life sentence imposed in 1990 for his role in a crack-cocaine

conspiracy. His motion invoked the United States Sentencing Commission's

retroactive amendment to the United States Sentencing Guidelines (USSG) that

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

provided a two-level reduction in base offense levels for most crack offenses.  *See* USSG supp. to app. C, amend. 706.

The district court determined that Amendment 706 did not reduce the base offense level for the quantity of crack cocaine (9.5 kilograms) attributed to Mr. Evans at his original sentencing.  Specifically, because Mr. Evans was held responsible for more that 4.5 kilograms of the drug, his base offense level of 38[1] was unaffected by Amendment 706 and his total offense level of 44 (after further enhancements for Mr. Evans's use of a firearm and his leadership role in the conspiracy) still required a life sentence.  *See* USSG § 2D1.1(c)(1) (setting out base offense level of 38 for 4.5 kilograms or more of cocaine base).  Accordingly, the court denied Mr. Evans's motion.  He filed a motion to reconsider, which was denied.  Mr. Evans then filed a third motion in which he sought a downward departure, invoking *Gall v. United States*, 128 S. Ct. 586 (2007), and the sentencing factors set out in 18 U.S.C. § 3553(a).  The district court construed this as a second motion to reconsider its denial of Mr. Evans's motion to modify his sentence based on Amendment 706 and denied it, reasoning that because § 3582(c) was inapplicable, it lacked a jurisdictional basis on which to apply *Gall* and the § 3553(a) factors to Mr. Evans's sentence.

---

[1] Mr. Evans's base offense level under the 1990 version of the guidelines was 40.  A 1994 retroactive amendment to the guidelines, Amendment 505, lowered his base offense level to 38.  The district court considered the effect of Amendment 505 in rejecting Mr. Evans's motion for a modified sentence based on Amendment 706.

On the same day that Mr. Evans filed his third motion to reconsider, he also filed a separate "Motion for Sentence Reduction Under U.S.S.G. 2K21 (B)(5), Enhancements, and 21 U.S.C. 841 (A) AND 846."  The district court construed this filing as a motion under 28 U.S.C. § 2255 and determined that it was time-barred.  The court also noted that the motion so construed was at least Mr. Evans's second § 2255 motion and exercised its discretion to dismiss it under 28 U.S.C. § 2244 without transferring the matter to this court.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Liberally construed, Mr. Evans's notice of appeal seeks review of all rulings by the district court.  We affirm.

## I.  DISCUSSION

To pursue a § 3582(c) motion, Mr. Evans must show that application of a retroactive guideline would reduce his sentencing range.  *See* 18 U.S.C. § 3582(c)(2) (authorizing district court to reduce a term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").  Mr. Evans has not made the necessary showing.

At Mr. Evans's 1990 sentencing the district court found that he was responsible for 9.5 kilograms of crack cocaine.  We noted this determination when we upheld Mr. Evans's conviction and sentence on direct appeal.  *United States v. Evans*, 970 F.2d 663, 679 (10th Cir. 1992).  Amendment 706 did not

alter the base offense level for that quantity of the drug. *See United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) (affirming denial of § 3582(c)(2) motion based on Amendment 706 because "the new amendment does not apply where more than 4.5 kilograms of crack is involved."). Because Amendment 706 did not reduce his sentencing range, Mr. Evans is not eligible to seek a modification of his sentence under § 3582(c).

On appeal Mr. Evans argues for the first time that we should not rely on the 9.5-kilogram figure because the district court, contrary to what is now Federal Rule of Criminal Procedure 32(i)(3)(C), failed to append to his presentence report (PSR) a copy of its factual determination on this point. This apparent error, however, was harmless with respect to Mr. Evans's sentence. There is no dispute that the sentencing judge found him to be responsible for 9.5 kilograms of cocaine base. The failure to append the district court's finding to the PSR might affect Mr. Evans's treatment by the Bureau of Prisons (although we are at a loss to see how, because the court made the finding recommended by the PSR), but the failure cannot call into question what the court's finding was. Accordingly, Mr. Evans is not entitled to relief under § 3582(c).

Although we have liberally construed Mr. Evans's notice of appeal as also challenging the district court's decisions to treat his motion not raised under § 3582(c) as a § 2255 motion and to dismiss that motion without transferring the matter to this court, we need not address the merits of the district court's

decisions. Neither of Mr. Evans's briefs filed with this court offers any argument on the points raised in the § 2255 motion or the district court's reasons for dismissal. Indeed, Mr. Evans's reply brief emphasizes that the only issue on appeal is the quantity of crack attributable to him and whether he is entitled to seek a modification under § 3582(c); he "concedes that all motions outside of the central issue of this appeal [are] meritless." Reply Br. at 2. Thus, he has abandoned the issues raised by his § 2255 motion.

## II. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge