**UNITED STATES of America,**
**Appellee,**

v.

**Altamont SUTHERLAND,**
**Defendant–Appellant.**

No. 07–0296–cr.

United States Court of Appeals,
Second Circuit.

Jan. 13, 2009.

Steven A. Feldman, Feldman and Feldman, Uniondale, N.Y., Roger J. Schwarz, New York, N.Y., for Defendant–Appellant.

Anirudh Bansal (Jonathan S. Kolodner, of counsel), Assistant United States Attorneys for Lev Dassin, Acting United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges, and Hon. JOHN F. KEENAN,[1] District Judge.

## SUMMARY ORDER

The defendant-appellant Altamont Sutherland appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) entered December 31, 2003, sentencing him primarily to 97 months' imprisonment, and an order of the district court entered December 22, 2006, declining to resentence Sutherland following a *Crosby* remand. We assume the parties' familiarity with the

---

1. The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

facts, procedural history, and specification of issues on appeal.

Sutherland was convicted after a jury trial of conspiring to distribute and to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced principally to 97 months' imprisonment. Sutherland appealed, and the case was then remanded to the district court so that it could determine whether to resentence Sutherland pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). The district court declined to resentence Sutherland, finding that it would not have imposed a materially different sentence on Sutherland if it had known the Sentencing Guidelines were advisory. This appeal followed.

Sutherland raises two primary issues on appeal. First, he argues that the district court erred at his trial by allowing the government to offer into evidence the plea allocutions of two alleged coconspirators, in violation of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Second, Sutherland argues that the district court erred in declining to resentence him pursuant to *United States v. Crosby,* without first considering (1) Sutherland's post-sentencing rehabilitative efforts and (2) the Bureau of Prison's ("BOP") decision denying Sutherland admission into its 1000 hour drug treatment program, despite the district court's recommendation at the original sentencing proceeding that Sutherland be admitted into the program.[2]

■ As the government concedes, it was erroneous under *Crawford* to admit the plea allocutions of Sutherland's alleged co-conspirators at his trial. *See, e.g., United States v. Riggi,* 541 F.3d 94, 102 (2d Cir. 2008) ("It is … constitutional error to admit as substantive evidence a plea allocution by a co-conspirator who does not testify at trial unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination." (internal quotation marks omitted)). Because Sutherland's counsel failed to object to the introduction of the plea allocutions on Confrontation Clause grounds, we review for plain error. *Id.*

To establish plain error, there must be (1) an error, (2) that is plain, (3) and that affects substantial rights; if all three requirements are met, then "an appellate court [may] exercise its discretion to correct such error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Worjloh,* 546 F.3d 104, 110 (2d Cir.2008) (per curiam) (alteration in original) (internal quotation marks omitted).

We assume that the conceded error here was plain. It did not, however, affect substantial rights. "An error affects a defendant's substantial rights if it is prejudicial and it affected the outcome of the district court proceedings." *Riggi,* 541 F.3d at 102 (internal quotation marks omitted). The admission of the two plea allocutions, in the context of this case, was not prejudicial and did not affect the outcome of the proceedings.[3] First, the portions of the plea allocutions read to the jury did not make any reference to

---

2. To the extent Sutherland might seek to challenge the BOP's decision itself, this appeal is not the proper forum in which to raise such a challenge. *Cf. Levine v. Apker,* 455 F.3d 71, 78 (2d Cir.2006) (holding that challenges to "the execution of [a] sentence," as opposed to "the lawfulness of [a] sentence," are properly brought under 28 U.S.C. § 2241).

3. Sutherland was convicted prior to the Supreme Court's decision in *Crawford.* This Court has used a modified plain error rule in cases "where, as here, the source of plain error is a supervening decision." *United States v. Henry,* 325 F.3d 93, 100 (2d Cir. 2003) (internal quotation marks omitted). Under modified plain error review it is the government, not the defendant, that "bears

Sutherland. They were admitted only for the purpose of establishing the existence of the conspiracy charged in the indictment—an element that was not disputed by defense counsel in more than a perfunctory manner—and the district court so instructed the jury, both before the allocutions were admitted, and again in its general jury instructions at the close of the case. The jurors must be presumed to have followed these instructions absent any evidence to the contrary, of which there is none here. *See United States v. Bermudez,* 529 F.3d 158, 163 (2d Cir. 2008); *see also Tennessee v. Street,* 471 U.S. 409, 415 n. 6, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985) ("The assumption that jurors are able to follow the court's instructions fully applies when rights guaranteed by the Confrontation Clause are at issue."). Second, the evidence of the existence of the conspiracy was overwhelming; indeed, Sutherland's counsel admits that even without the plea allocutions the record contained "ample evidence of a conspiracy," and "the only real question [was] whether Sutherland had joined it or whether he had merely associated with some of its members." Accordingly, the plea allocutions were merely cumulative. *See United States v. Snype,* 441 F.3d 119, 129 (2d Cir.2006); *United States v. McClain,* 377 F.3d 219, 223 (2d Cir.2004). Finally, the government made only extremely limited reference to the allocutions in its closing argument. On this record, we are confident that the admission of the plea allocutions was not prejudicial to Sutherland and that their admission did not have any effect on the outcome of Sutherland's trial.[4] Accordingly, there is no plain error here.

■ Turning to the second issue Sutherland raises, the district court did not err in declining to consider Sutherland's post-sentencing conduct and the BOP's decision about Sutherland's participation in the drug treatment program in making its determination whether to resentence Sutherland on the *Crosby* remand. We have held that on a *Crosby* remand, the first task of the district court is to "make a 'threshold determination' of whether, '*based on the circumstances at the time of the original sentence,*' it would have imposed a different sentence had it known the Guidelines were advisory." *United States v. Ferrell,* 485 F.3d 687, 688 (2d Cir.2007) (per curiam) (quoting *Crosby,* 397 F.3d at 120). "Only if the district court answers the threshold determination in the affirmative does a resentencing occur." *Id.* at 688–89. Thus, there can be no error in the district court's failure to consider Sutherland's post-sentencing conduct and the BOP's post-sentencing decision regarding Sutherland's participation in the drug treatment program, since by definition those facts could not have been taken into account at the time of the original sentence. Indeed, "we have repeatedly held that a district court *is not* to consider such evidence on a [*Crosby* ] remand . . . ." *Id.* at 688. (emphasis added).[5] Because the district court

---

the burden to demonstrate that the error . . . was harmless." *Id.* (alteration in original) (internal quotation marks omitted). The government argues that our modified plain error rule has not survived the Supreme Court's decision in *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). We need not reach this issue, however, as "we find the error did not affect the defendant's substantial rights even under our more lenient standard." *United States v. Lombardozzi,* 491 F.3d 61, 74 n. 4 (2d Cir.2007).

4. Both *Riggi* and *United States v. Becker,* 502 F.3d 122 (2d Cir.2007), are easily distinguished by, among other things, the sheer number and detailed contents of the plea allocutions admitted in those cases and the cumulative nature of the allocutions admitted in this case.

5. We express no opinion as to whether, had the district court determined that it would have imposed a different sentence had it known the Guidelines were advisory, it would

determined, *"based on the circumstances at the time of the original sentence,"* that it would not have imposed a different sentence under an advisory Guidelines regime, "that is the end of the matter." *Id.* (internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

have been proper for the district court to consider the BOP's decision not to allow Sutherland to participate in the drug treatment program.