[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11431
Non-Argument Calendar

_____

D. C. Docket No. 96-00020-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK HARRIS,
a.k.a. Omar Suluki,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 17, 2009)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

On August 14, 1996, a Northern District of Florida grand jury indicted appellant Mark Harris for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. The following February, a jury found him guilty as charged, and on June 10, 1997, the district court sentenced him to a prison term of 360 months.

On March 3, 2008, Harris, relying on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Amendment 706 to the Guidelines, and the sentencing objectives of 18 U.S.C. § 3553(a), moved the district court pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence. The court denied his motion, concluding (1) that Amendment 706 did not operated to lower his Guidelines sentence range because, at sentencing, the court had held him accountable for 20 kilograms of crack cocaine, resulting in a base offense level of 38 (for 4.5 kilograms or more of crack cocaine), and that the amended Drug Quantity Table still assigned a base offense level of 38 for 4.5 kilograms or more of the drug, and (2) that Booker was inapplicable. Harris now appeals the court's ruling, claiming that the court should have reconsidered his original sentence and imposed a new sentence in light of Amendment 706 and United States v. Booker and in consideration of the fact that the Ex Post Facto Clause barred the court's application of U.S.S.G. § 1B1.10.

Section 3582(c)(2) of the United States Code grants the district courts discretion to reduce a term of imprisonment if the "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the term of the sentence after considering the applicable § 3553(a) sentencing factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).[1] However, a reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (stating

---

[1] Unless otherwise indicated, all citations are to the version in the November 1, 2008 Guidelines Manual.

that only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)"). Accordingly, a sentence reduction is not authorized where an amendment "is applicable to the defendant . . . but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C, Amend. 706. A defendant who was held accountable for 4.5 kilograms or more of crack cocaine is not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 because his base offense level remains at 38, and, thus, his Guidelines sentence range has not been reduced. United States v. Jones, No. 08-13298, slip op. at 443-44 (11th Cir. Nov. 19, 2008); accord United States v. James, 548 F.3d 983, 985-86 (11th Cir. 2008) (holding that defendant was not entitled to a § 3582(c)(2) sentence reduction when, based on the amount of crack and powder cocaine he was responsible for and an intervening change in the Guidelines, his offense level was higher under Amendment 706 than when he was

4

sentenced). Specifically, because the defendant in <u>Jones</u> was responsible for at least 12 kilograms of crack cocaine, his sentence range was not lowered; hence, was not eligible for a sentence reduction. <u>Jones</u>, No. 08-13298, slip op. at 443-44.

In denying Harris's § 3583(c)(6) motion, the district court properly adopted the findings of fact and Guidelines calculations it made when it imposed Harris's sentence, including the finding that Harris was responsible for distributing in excess of 20 kilograms of crack cocaine. Accordingly, the court committed no error in concluding that he is ineligible for § 3582(c)(2) relief.

Contrary to Harris's view of thelaw, a § 3582(c)(2) motion to reduce sentence does not provide the court with the authority to reconsider the sentence it previously imposed and to impose a new sentence. That is, the section does not provide a vehicle for resentencing. U.S.S.G. § 1B1.10(a)(3); <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." <u>United States v. Bravo</u>, 203 F.3d 778, 781-82 (11th Cir. 2000). "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." <u>Id.</u> at 781 (emphasis in original).

Assuming that § 3582(c)(2) does not empower a district court to resentence a defendant, Harris turns to Booker for such authority. His problem is that Booker is not a retroactively applicable in the Guidelines amendment context or in a § 3582(c)(2) proceeding. Moreno, 421 F.3d at 1220. In short, "neither § 3582(c)(2) nor Booker provide[] a jurisdictional basis to reduce [a defendant's] sentence based on his post-sentencing rehabilitative conduct." Id. at 1221 (reviewing the Booker argument for plain error).[2] The Booker argument affords Harris no help, so we turn to his Ex Post Facto Clause argument.

The Constitution provides that "[n]o ex post facto Law shall be passed" U.S. Const. Art. I, § 9, cl. 3. This clause prohibits the enactment of laws that make more burdensome the punishment for a crime, after its commission. United States v. Valladeres, 544 F.3d 1257, 1270 (11th Cir. 2008). To prevail on an ex post facto claim, a party must demonstrate that (1) the law was retrospective, in that it applied to events occurring before its enactment, and (2) he was disadvantaged by it. United States v. Abraham, 386 F.3d 1033, 1038 (11th Cir. 2004). It is clear that the guidance the Sentencing Commission provides in U.S.S.G. § 1B1.10 does not

---

[2] In United States v. James, we rejected a defendant's argument that the district court should have recalculated the drug quantities for which he was accountable, in light of Booker, because the argument was "academic." 548 F.3d at 986. Moreover, in United States v. Jones we explicitly rejected an argument, from a defendant who was ineligible for the reduction because of the amount of cocaine, that the district court nevertheless had the authority to reduce his sentence under Booker. Jones, No. 08-13298, slip op. at 443-44.

6

constitute a violation of the Ex Post Facto Clause.  Harris's argument therefore fails.

AFFIRMED.