John BOWMAN, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. 92 Cr. 392 (PKL).**

United States District Court,
S.D. New York.

June 24, 2009.

Frank Handelman, New York, NY, for Petitioner.

Richard Benjamin Zabel, Akin Gump Strauss Hauer & Feld LLP, New York, NY, for Respondent.

### *MEMORANDUM ORDER*

LEISURE, District Judge:

*Pro se* petitioner John Bowman ("Bowman" or "petitioner") requests that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive 2007 amendments to the United States Sentencing Guidelines (the "Guidelines") for offenses involving cocaine base ("crack cocaine"). For the reasons stated below, petitioner's motion is DENIED.

### BACKGROUND

The facts underlying petitioner's conviction have been laid out in detail in this Court's prior decisions. *See United States v. Bowman*, No. 92 Cr. 392, 1999 WL 413459, 1999 U.S. Dist. LEXIS 9221 (S.D.N.Y. June 21, 1999) (Leisure, J.); *Eu-*

*banks v. United States*, 11 F.Supp.2d 455 (S.D.N.Y.1998) (Leisure, J.); *United States v. Eubanks*, No. 96 Civ. 9225, 1997 WL 401667, 1997 U.S. Dist. LEXIS 10275 (S.D.N.Y. July 15, 1997) (Leisure, J.).[1] Accordingly, the Court only provides a brief recitation of those facts germane to the instant motion.

On December 11, 1992, a jury convicted Bowman of distribution of and possession with intent to distribute crack cocaine, and aiding and abetting of the same, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. This Court sentenced Bowman to life imprisonment and ten years of supervised release. In a Summary Order entered December 8, 1994, the United States Court of Appeals for the Second Circuit affirmed Bowman's conviction. Subsequently, this Court considered and rejected Bowman's contentions (i) that the Court improperly enhanced his sentence for obstruction of justice and managerial role, (ii) that the Court improperly increased Bowman's sentence due to his prior felony convictions, and (iii) that Bowman should be resentenced pursuant to Amendment 505 to the Guidelines, which took effect on November 1, 1994. *See Eubanks*, 11 F.Supp.2d at 461, 465–66. Petitioner now moves this Court again to reduce the terms of his sentence pursuant to the 2007 amendments to the Guidelines for offenses involving crack cocaine. *See* 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.

## DISCUSSION

Since the amount of crack cocaine estimated to have been involved in Bowman's conspiracy exceeded 4.5 kilograms, Bowman is not eligible for a sentence reduction, Under § 3582(c)(2), a court can "re-duce the term of imprisonment" if it was imposed "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). In 2007, the Guidelines were amended to reduce by two points the base offense levels corresponding to the crack cocaine quantity ranges under § 2D1.1(c). *See* U.S.S.G. supp. to app. C, amends. 706, 711 (eff. Nov. 1, 2007); § 1B1.10(c). To determine the amended Guidelines range, the Court must substitute the amended provisions of § 2D1.1(c) and "leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). However, the Guidelines only authorize a sentence reduction if the retroactive application of the amendments would result in a lower Guidelines range. *Id.* § 1B1.10(a)(2)(B).

■ Here, petitioner's request for a sentence reduction must fail because application of the amendments does not lower his Guidelines range. The two-level reduction does not "apply in a case in which … the offense involved 4.5 kg or more … of cocaine base." *Id.* § 2D1.1 cmt. n. 10(D)(ii)(1). Since Bowman's offense involved more than 4.5 kilograms of crack cocaine, this Court cannot reduce his sentence. *See United States v. Guerrero*, No. 91 CR 493–02, 2009 U.S. Dist. LEXIS 35045, at *3 (S.D.N.Y. Apr. 22, 2009) (rejecting defendant's motion to reconsider the court's order denying a sentence reduction where his offense involved 6.665 kilograms of crack cocaine); *United States v. Batista*, No. 01 CR 823, 2009 U.S. Dist. LEXIS 21523, at *2 (S.D.N.Y. Mar. 16, 2009) (explaining that the Guidelines amendments "did not reduce the penalties for anyone who trafficked in excess of 4.5 kilograms of crack cocaine"); *United States v. Delileon*, No. 90 Cr. 553, 2008

---

1. Pursuant to the Second Circuit's concerns in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam), copies of all cases citing to electronic databases have been appended to the copy of this Memorandum Order sent to petitioner.

WL 2878632, 2008 U.S. Dist. LEXIS 56308 (S.D.N.Y. July 22, 2008) (holding that defendant was ineligible for a sentence reduction where his offense involved over 240 kilograms of crack cocaine because Amendment 706 does not lower the base offense level for offenses involving 4.5 kilograms or more of crack cocaine); *United States v. Thomas,* No. S2 05 Cr. 482–02, 2008 U.S. Dist. LEXIS 30612, at *4–5 (S.D.N.Y. Mar. 28, 2008) (denying defendant's application for a sentence reduction because the Guidelines amendments only reduce the offense level of defendants who distributed between 1.5 kilograms and 4.5 kilograms of crack cocaine); *see also United States v. Felder,* No. 98–CR–363, 2009 WL 1473923, 2009 U.S. Dist. LEXIS 44496, at *3–5 (N.D.N.Y May 27, 2009) (citing *United States v. Harris,* 312 Fed. Appx. 244, 245 (11th Cir.2009) (per curiam), *United States v. Jones,* 548 F.3d 1366, 1369 (11th Cir.2008) (per curiam), and *United States v. Wanton,* 525 F.3d 621, 622 (8th Cir.2008) (per curiam), for the proposition that sentence reductions pursuant to Amendment 706 do not apply in cases where more than 4.5 kilograms of crack cocaine are involved).[2]

 Bowman also asks this Court to consider his post-conviction rehabilitation in connection with his requested sentence reduction. (*See* Pet'r Mem. 9.) While a court considers post-sentencing conduct before reducing a defendant's sentence pursuant to the 2007 amendments, *see*

U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii)-(iii), this Court need not consider such conduct since Bowman is ineligible for the sentence reduction. Nevertheless, to the extent that petitioner suggests that his positive post-conviction behavior provides an independent grounds for a sentence reduction, this request would also fail. District Courts "may not generally modify a term of imprisonment once it has been imposed," except as provided for in 18 U.S.C. § 3582. *Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007) (per curiam); *accord Poindexter v. United States,* 556 F.3d 87, 89 (2d Cir.2009) (per curiam) (stating that a "sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582"); *United States v. Williams,* 551 F.3d 182, 185 (2d Cir.2009) ("Congress has authorized courts to modify a term of imprisonment only in limited circumstances."). Post-conviction behavior is not an enumerated ground for a sentence modification under § 3582(c). Thus, this Court is not authorized by Congress or the Sentencing Commission to reduce Bowman's sentence based on his post-conviction behavior.[3]

## CONCLUSION

Because petitioner's offense involved more than 4.5 kilograms of crack cocaine, he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Ac-

**2.** Although petitioner cites *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in support of his argument that the Guidelines are merely advisory, and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), in support of his argument that sentencing courts may impose lesser sentences than those in the Guidelines if there is a policy disagreement with the crack-cocaine disparity, this Court will not consider these issues at

this time, since petitioner is not eligible for a sentence reduction under § 3582.

**3.** The Court also notes for petitioner's benefit that "there can be no error in [a] district court's failure to consider ... post-sentencing conduct ..., since by definition those facts could not have been taken into account at the time of the original sentence." *United States v. Sutherland,* 306 Fed.Appx. 664, 667 (2d Cir.2009).

cordingly, petitioner's motion to reduce his sentence is DENIED.

**SO ORDERED.**