# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2905

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Tyrone Davis, also known as T-Row, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 17, 2009
Filed: August 6, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tyrone Davis appeals his reduced sentence of 194 months imprisonment, which the district court[1] imposed pursuant to Federal Rule of Criminal Procedure 35(b). We affirm.

In January 2005, Davis pled guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his plea agreement, Davis accepted responsibility for over 1.5 kilograms of crack cocaine.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

However, the Presentence Investigation Report ("PSR") concluded that Davis was responsible for 12.1 kilograms, which resulted in a base offense level of 38. The PSR also determined that Davis's criminal history category was VI. At sentencing in May 2005, the district court granted Davis a three-level reduction for acceptance of responsibility, properly calculated his Guidelines range at 292-365 months, and sentenced him to 292 months imprisonment and 5 years supervised release. Davis appealed his sentence, and this court affirmed. See United States v. Davis, 206 F. App'x 625 (8th Cir. 2006) (unpublished per curiam).

In May 2008, Davis filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c) and Amendments 706 and 711 to the Sentencing Guidelines. The district court found that Davis was not eligible for a reduction under the crack cocaine amendments and denied his motion. However, the government requested that the court reduce Davis's sentence for subsequent substantial assistance under Federal Rule of Criminal Procedure 35(b). The court granted the government's motion and reduced Davis's sentence by one-third to 194 months. Davis appeals, arguing that the district court erred in (1) denying his motion for a reduction based on the crack cocaine amendments and (2) not granting a greater reduction under Rule 35(b).

Davis's first argument fails because the crack cocaine amendments did not "have the effect of lowering [Davis's] applicable guideline range." United States Sentencing Commission, Guidelines Manual, §1B1.10(a)(2)(B), p.s. (Nov. 2008). Indeed, the base offense level for offenses involving 4.5 kilograms or more of crack cocaine is the same under the amended Sentencing Guidelines. Compare USSG §2D1.1(c)(1) (Nov. 2004) (base offense level of 38 for "1.5 KG or more of Cocaine Base"), with USSG §2D1.1(c)(1) (Nov. 2008) (base offense level of 38 for "4.5 KG or more of Cocaine Base"). Consequently, the crack cocaine amendments "do[] not apply where more than 4.5 kilograms of crack is involved." United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (per curiam) (citing USSG §2D1.1, comment. (n.10(D)(ii)). Because his original sentence was based on a drug quantity of 12.1

kilograms, the district court correctly found that Davis was not eligible for a sentence reduction under 18 U.S.C. § 3582(c) and Amendments 706 and 711.[2]

Davis's second argument fails because we lack jurisdiction to hear his appeal of the district court's ruling on the government's Rule 35(b) motion. See United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007) (per curiam). "Jurisdiction over an appeal of a Rule 35(b) sentence is governed by 18 U.S.C. § 3742(a)[.]" Id. Section 3742(a) reads:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> > (1) was imposed in violation of law;
> > (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> > (3) is greater than the sentence specified in the applicable guideline range . . . ; or
> > (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Davis does not claim that his sentence satisfies any of these criteria, and we conclude that it does not. Therefore, we lack jurisdiction to review the extent of the sentence reduction that the district court granted pursuant to Rule 35(b). Accordingly, we affirm Davis's sentence.

_____

_____

[2]Davis further argues that the crack cocaine amendments are merely advisory and, under 18 U.S.C. § 3553(a), the district court could have granted him more than a two-level reduction. We have already rejected this argument. See United States v. Starks, 551 F.3d 839, 841-43 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009) (holding that, in 18 U.S.C. § 3582(c) resentencing proceedings, district courts do not have authority to grant reductions beyond the two-level decrease authorized by the crack cocaine amendments).