# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-3004

_____

United States of America,

        Appellee,

v.

Charles E. Winston,

        Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [PUBLISHED]
\*

_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, Charles Winston was convicted of one count of conspiracy with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The United States Probation Office then prepared a presentence investigation report (PSR), which calculated a base offense level of 34, a two-level increase because the offense involved two firearms, and a criminal history category of IV. This resulted in an advisory sentencing guidelines

range of 262 to 327 months' imprisonment. On November 16, 2005, the district court[1] held a sentencing hearing, adopted the findings of the PSR, and sentenced Winston to 262 months' imprisonment, a sentence at the bottom of the advisory sentencing guidelines range. Winston appealed, and we affirmed his conviction and sentence. See United States v. Winston, 456 F.3d 861 (8th Cir. 2006).

On June 23, 2009, Winston filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 706 of the sentencing guidelines. Amendment 706 revised the drug quantity table set forth in United States Sentencing Guideline § 2D1.1. The district court granted Winston's § 3582(c)(2) motion and reduced the offense level by two levels pursuant to Amendment 706. With the reduced total offense level, Winston's advisory guidelines range was 210 to 262 months' imprisonment. The district court imposed a sentence of 210 months to run consecutive to his state court sentence. In its order reducing the sentence, the district court additionally noted that it had considered the factors set forth in 18 U.S.C. § 3553(a).

On July 23, 2009, Winston filed a motion for reconsideration, asking the court to reduce the sentence to 120 months, the statutory mandatory minimum, based on the length of the state sentence, the length of the federal sentence, and Winston's lack of serious conduct violations while in custody. The district court denied Winston's motion, explaining that the we had previously held that a § 3582(c)(2) sentence reduction is not a full resentencing. See, e.g., United States v. Starks, 551 F.3d 839, 842-43 (8th Cir. 2009) (holding that § 3582(c) did not permit a full resentencing). The district court further explained that it did not have the authority to reconsider whether Winston's federal sentence should run concurrently with his state sentence because it was not a new sentencing proceeding. The district court stated that it was

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

limited to considering how much Winston's sentence should be reduced in light of Amendment 706, and it did so in reducing the total offense level and reducing the sentence to 210 months' imprisonment.

Winston appeals, arguing that, contrary to our holding in Starks, under United States v. Booker, 543 U.S. 220 (2005), when a defendant's sentence is modified under § 3582, the district court has the discretion to fully resentence the defendant rather than merely modify the sentence to comport with the sentencing guidelines. He also argues that § 3582 requires a district court to consider § 3553(a) factors.

The Supreme Court recently addressed this issue in Dillon v. United States, 560 U.S. ---, 2010 WL 2400109 (June 17, 2010). Generally a district court may not modify a final judgment that includes a sentence of imprisonment except "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" and made retroactive. Id. at *5 (quoting 18 U.S.C. § 3582(c)(2)). In those circumstances, "Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3582(c)(2)).

The Supreme Court noted that the language of § 3582 "does not authorize a sentencing or resentencing proceeding" but merely "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." Id. (quoting 18 U.S.C. § 3582(c)(2)). Thus, a proceeding under § 3582 is neither a partial nor full resentencing; rather, it is merely a modification of the prior sentence.

The Supreme Court also explained that "[g]iven the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the

interests identified in <u>Booker</u>." <u>Id.</u> at \*7. The Constitution does not require that a sentence be modified retroactively; "[r]ather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." <u>Id.</u> Therefore, "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt," and <u>Booker</u> does not compel us to find that Winston is entitled to a full resentencing. <u>Id.</u>

Winston argues that the district court erred in failing to consider the § 3553(a) factors in modifying his sentence under § 3582 because there was no individualized assessment and the district court "felt compelled to forfeit its sentencing discretion to a mandatory Guidelines scheme." (Appellant's Br. at 23.) In <u>Dillon</u>, the Supreme Court explained that "[s]ection 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'—namely, § 1B1.10." <u>Dillon</u>, 2010 WL 2400109, at \*6. The Court explained that a district court must perform a two-step inquiry: first, determining whether a defendant is eligible for a sentence modification and the extent of the reduction authorized under § 3582, and second, considering any applicable § 3553(a) factors and determining whether the reduction authorized in step one "is warranted in whole or in part under the particular circumstances of the case." <u>Id.</u> at \*7. Here, the district court determined that Winston was eligible for a sentencing modification under § 3582(c)(2) and the extent of the reduction for which he was eligible, and then it considered the § 3553(a) factors, as noted in its order. It therefore followed the guidelines the Supreme Court set forth in <u>Dillon</u>, and Winston's argument regarding the § 3553(a) factors is unpersuasive.

Finally, Winston argues that the purpose of Amendment 706 was to reduce sentencing disparities between powder and crack cocaine, but sentencing disparities remain. However, there is no indication that any remaining disparity is unacceptable.

-4-

In <u>Kimbrough v. United States</u>, 552 U.S. 85, 91 (2007), the Supreme Court held that a district court *may* vary from the advisory sentencing guidelines range based solely on the basis of a disagreement with the extent of the crack/powder disparity, but it did not eliminate the disparity altogether nor require a district court to vary from the advisory sentencing guidelines based on the disparity.

    Accordingly, the judgment of the district court is affirmed.

_____