# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1610

_____

United States of America,                    *
                                              *
        Plaintiff - Appellee,        *    On Appeal from the United
                                              *    States District Court for the
    v.                              *    District of Nebraska.
                                              *
Cleveland Johnson,                            *    [UNPUBLISHED]
                                              *
        Defendant - Appellant.       *

_____

Submitted: December 13, 2010
Filed:  January 12, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Cleveland Johnson appeals the district court's[1] denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines, which provided certain reductions in base offense levels for defendants convicted of crack cocaine offenses. Johnson was convicted by a jury in 1993 of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. The district court found that Johnson himself was

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

responsible for between 7.2 to 13 kilograms of crack cocaine and sentenced him to 336 months imprisonment. In 2008 Johnson moved to reduce his sentence pursuant to Amendment 706. The district court denied the motion, and Johnson appeals. We affirm.

Johnson argues that he is entitled to a sentence reduction under § 3582(c)(2) and Amendment 706. We disagree. The district court found at Johnson's sentencing that he was responsible for more than 7 kilograms of crack cocaine. Amendment 706 did not lower the base offense level of an individual responsible for more than 4.5 kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c); see also United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (per curiam). Because of the amount of drugs for which Johnson was found responsible, he was not eligible for a reduction in offense level or guideline range under Amendment 706. His original sentence was therefore not lowered by the Sentencing Commission's amendment, as required under § 3582. See U.S.S.G. § 1B1.10(a)(2)(B). The district court therefore did not err by denying Johnson's motion for a sentence reduction.

Johnson also disputes the court's denial of a sentence reduction on the basis that one of his codefendants, who Johnson asserts had been found responsible for the same drug quantity, received a reduction in his sentence under § 3582(c)(2). Although we don't have access to the entire record for his codefendant, we note that the two parties were not entirely similarly situated. Johnson's total offense level was greater than that of his codefendant based upon his leadership role in the conspiracy, and the government stipulated to a sentence reduction for his codefendant.[2]

---

[2] The government and defense agreed in the stipulation that the total offense level of Johnson's codefendant changed from 39 to 37 and that "the new reduced sentence under the amended guidelines should be 179 months based upon the prior computation of specific offense characteristics, adjustments, and any departures."

Finally, Johnson argues that the court had the discretion in an Amendment 706 proceeding to reduce his sentence below the guideline range under United States v. Booker, 543 U.S. 220 (2005).  This argument is foreclosed by our prior decisions and by the recent decision of the Supreme Court in Dillon v. United States, 130 S. Ct. 2683, 2689–92 (2010).  See United States v. Winston, 611 F.3d 919, 920–22 (8th Cir. 2010).

Accordingly, the judgment of the district court is affirmed.

_____