# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1344

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas James Gordon Woodford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: December 12, 2016
Filed: April 21, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

On March 20, 2013, Nicholas James Gordon Woodford pleaded guilty to kidnapping in violation of 18 U.S.C. §§ 2 and 1201(a)(1) and conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The PSR found Woodford had a criminal history category of I and a total offense level of 40 for an advisory Guidelines range of 292 to 365

months. The district court sentenced Woodford on October 21, 2013. After consulting the advisory Guidelines range, the district court granted the government's motion for a downward departure under USSG § 5K1.1 and sentenced Woodford to 180 months' imprisonment followed by five years of supervised release.

In 2014, the United States Sentencing Commission adopted Amendment 782 which retroactively reduced the base offense level for a number of drug crimes by two levels. See USSG supp. app. C, amend. 782 (2014). On January 8, 2016, Woodford moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), arguing that after applying the two-level reduction authorized by Amendment 782, his total offense level is reduced to 39, resulting in an amended advisory Guidelines range of 262 to 327 months. Because Woodford's original sentence was approximately 38 percent below the original Guidelines range, he requested a reduction comparably below the amended range, namely, 162 months. The government opposed. It "agree[d] that the defendant is eligible for a sentencing reduction pursuant to the Amendment," but did not adopt or dispute Woodford's calculation of his amended range. It then argued that a reduction was not warranted based on the severity of his offense conduct and the factors in 18 U.S.C. § 3553(a).

On January 26, 2016, the district court denied Woodford's motion for a sentence reduction. First, it recited the procedural history of Woodford's case and summarized the parties' arguments as described above. Then, it concluded that "[i]n the broad exercise of its discretion, and after giving careful consideration to all of the sentencing factors outlined in 18 U.S.C. § 3553(a), the Court finds that a further sentence reduction is neither warranted nor appropriate in this violent and disturbing case." It further held that "[i]n light of the totality of the circumstances, as well as all of the other Section 3553(a) factors considered by the Court in determining the Defendant's original sentence, the undersigned can state without question that the same sentence would have been imposed under the new amended guidelines."

On appeal, Woodford argues that the district court erred in failing to determine whether and to what extent Amendment 782 reduced his Guidelines range. He also argues that the district court abused its discretion in refusing to grant him a reduction. In response, the government argues that the district court committed no procedural error and did not abuse its discretion in denying the reduction. It does not argue harmless error.

At the time of its decision on Woodford's motion for a sentence reduction, the district court did not have the benefit of our decision in United States v. Reyes, — F. App'x —, 2016 WL 4547352 (8th Cir. 2016) (per curiam). There, we reaffirmed that "a district court considering a reduction under § 3582(c)(2) is required to follow a two-step approach," the first of which requires a determination of "whether a defendant is eligible for a sentence modification and the extent of the reduction authorized under § 3582." Id. at *1 (quoting United States v. Winston, 611 F.3d 919, 922 (8th Cir. 2010)). In Reyes, we held that even if the district court arguably satisfied its duty to determine that Reyes was eligible for a sentence reduction, it "never determined how Amendment 782 would have affected Reyes's Guidelines range, as required." Id. We reversed the denial of Reyes' motion seeking a reduction under Amendment 782 and remanded for reconsideration, concluding that "the district court cannot skip over mandatory procedural requirements when deciding a § 3582(c)(2) motion, even where the final outcome might have been unchanged." Id. We also found we could not conclude the procedural error was harmless in part because the government did not argue harmless error. Id. at *2.

Given this intervening decision, which was not available to the district court or the parties on appeal, we reverse and remand for reconsideration of Woodward's motion for a reduction of sentence in light of Reyes. As in Reyes, "[w]e recognize that the district court may well have been aware of the amended guidelines range" when it concluded that it would impose the same sentence. Id. It may have "simply felt it unnecessary to state what it believed to be the obvious." Id. But, because we

cannot determine on this record whether Woodford was "sentenced under an incorrect Guidelines range," we must remand, as such an "error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338, 1345 (2016).  Under these circumstances, we decline to exercise our discretion to address whether the error was harmless, and we conclude that remanding for an express finding of the applicable amended Guidelines range is appropriate.  <u>See</u> <u>United States v. Cacioppo</u>, 460 F.3d 1012, 1025–26 (8th Cir. 2006) (where the government fails to argue that an error was harmless, it generally "waives any right to such review;" in certain circumstances, we have the discretion to "overlook the waiver . . . although we will 'err on the side of the criminal defendant'" when we conduct a harmlessness analysis on our own initiative (quoting <u>Lufkins v. Leapley</u>, 965 F.2d 1477, 1481 (8th Cir. 1992))).

LOKEN, Circuit Judge, dissenting.

_____