**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BOBBY FRANKLIN, JR.,

    Defendant-Appellant.

No. 08-3315
(D.Ct. No. 5:04-CR-40007-SAC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BARRETT, ANDERSON**, and **BRORBY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Bobby Franklin, Jr., a federal inmate, appeals the district court's denial of his motion brought pursuant to 18 U.S.C. § 3582(c)(2) for the purpose

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of modifying his sentence based on Amendment 706 to the United States

Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

On January 11, 2005, Mr. Franklin pled guilty to a one-count indictment

charging him with knowing possession with intent to distribute cocaine base

(crack), a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(C). After Mr. Franklin pled guilty, a federal probation officer prepared

a presentence report in conjunction with the 2004 Guidelines to determine his

recommended sentence. Based on Mr. Franklin's possession of 138.49 grams of

cocaine base, the probation officer determined the base offense level for the crime

of possession with intent to distribute was 32, pursuant to U.S.S.G. § 2D1.1. *See*

U.S.S.G. § 2D1.1(c)(4) (Drug Quantity Tbl.) (2004) (providing for a base offense

level of 32 if the offense involved "[a]t least 50 G but less than 150 G of Cocaine

Base"). However, because Mr. Franklin was eighteen years or older at the time of

the commission of the instant offense and had prior convictions for a controlled

substance offense and a crime of violence, the probation officer classified Mr.

Franklin as a career offender under U.S.S.G. § 4B1.1(a) and (b)(C), which also

provided for an offense level of 32. After applying a three-level reduction for

acceptance of responsibility to the career offender offense level, the probation

officer calculated Mr. Franklin's total offense level at 29.

With respect to Mr. Franklin's criminal history computation, the probation officer determined he had fourteen criminal history points, establishing a criminal history category of VI. He also determined that because Mr. Franklin was a Guidelines career offender under U.S.S.G. § 4B1.1(b), his career offender criminal history category was also VI, which, together with his total offense level of 29, resulted in a Guidelines range of 151 to 188 months imprisonment.

Mr. Franklin filed objections to the presentence report, including an objection to the determination he was a career offender. In so doing, he objected to the application of § 4B1.1(b)(C) – not because he failed to meet the requirements for career offender status defined therein – but based on his claim that counting prior drug trafficking convictions had "a disparate impact on minority defendants that is not justified by recidivism rates," particularly with regard to African-Americans, such as him. At sentencing, the district court denied Mr. Franklin's objection to the career offender enhancement, stating his criminal history "disputes the defendant's claim that the career offender provision ... overstates the likelihood of his recidivism." In denying the objection, the district court pointed out that: (1) at the age of twenty-nine, Mr. Franklin's criminal history score was fourteen; (2) by the age of nineteen, he had served

nearly four years in state penal institutions in four different cases; (3) before the age of twenty-three, he had three prior convictions for drug offenses, an aggravated battery conviction, five convictions for driving with a suspended license, two convictions for driving while a habitual violator, and two convictions for obstructing official duty; and (4) after his sentence for the last conviction expired December 18, 2001, he was arrested less than two years later for the instant offense, and less than three months after his arrest, officers searched his residence and found additional cocaine base and marijuana.

The district court concluded by stating that regardless of "[w]hatever policy arguments the defendant may have with the career offender provisions and their general application to African-American offenders like himself, [his] criminal history is undisputably characteristic of recidivism and shows a strong likelihood of relapsing into criminal activities" and that "[t]he application of [the career offender guideline] § 4B1.1 to the defendant is consistent with the letter and spirit of that guideline provision." It then sentenced Mr. Franklin at the bottom of the Guidelines range to 151 months imprisonment. Mr. Franklin did not appeal his conviction or sentence, including application of the career offender guideline.

On July 15, 2008, Mr. Franklin filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706, which modified the Drug

Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine effective November 1, 2007.[1] He claimed he was eligible for a sentence reduction under § 3582(c) because he was sentenced under § 2D1.1 and not the career offender guideline, § 4B1.1. In addition, he raised an issue as to the validity of the policy statement in U.S.S.G. § 1B1.10, which limits a sentencing court from imposing a sentence below the amended Guidelines range if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range" and thereby prohibits sentence reductions when the career offender enhancement is applied. *See* U.S.S.G. § 1B1.10(a)(2)(B) (2008). In asserting its invalidity, he claimed it conflicted with § 3582(c), which allows a sentence reduction if the Guidelines range changes.

In denying Mr. Franklin's motion, the district court explained it had applied the career offender enhancement under U.S.S.G. § 4B1.1 in calculating his Guidelines range, rather than § 2D1.1, which was revised by Amendment 706. Relying on our decision in *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008), it explained that Amendment 706, lowering the sentencing range for crack cocaine, did not apply to career offenders under § 4B1.1, which was not changed by that amendment.

_____

[1] *See* U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.); U.S.S.G. Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2) (2008).

## II. Discussion

Mr. Franklin now appeals the denial of his motion for a reduction of his sentence, claiming "[t]he district court erroneously denied [him] relief pursuant to 18 U.S.C. § 3582(c)(2)." In making this assertion, Mr. Franklin suggests the district court should treat U.S.S.G. § 1B1.10 as advisory and therefore apply the two-level enhancement previously sought. In so doing, he acknowledges that in *Sharkey* and *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *petition for cert. filed* (Jan. 21, 2009) (No. 08-8318), we upheld as binding on the district courts the policy statement in § 1B1.10 prohibiting sentence reductions based on an application of the career offender enhancement, but he claims our holding violates the separation of powers doctrine because "Congress has delegated to the Sentencing Commission the right to control the jurisdiction of Article III courts." *See Rhodes*, 549 F.3d at 841 (holding § 1B1.10 "is binding on district courts pursuant to § 3582(c)(2)"); *Sharkey*, 543 F.3d at 1239 (stating Amendment 706 had no effect on the career offender guidelines in § 4B1.1, so that a reduction in the defendant's term of imprisonment was not consistent with the policy statement in § 1B1.10).

"'We review de novo the district court's interpretation of a statute or the sentencing guidelines.'" *United States v. Brown*, 556 F.3d 1108, 1111 (10th Cir. 2009) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). "We

-6-

review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Id.* (relying on *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)).  The relevant part of § 3582, on which Mr. Franklin relies in bringing his action, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).  As Mr. Franklin asserts, Amendment 706 modified the drug quantity thresholds in U.S.S.G. § 2D1.1(c) and the Drug Quantity Table, thereby lowering the sentencing range, so that "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities ... [were] adjusted downward by two levels."  U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.).  However, Amendment 712, which was promulgated by the Sentencing Commission and amended § 1B1.10, limits reduction of a sentence by amendment by providing, in part:  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 1, 2008); *see also* U.S.S.G. Amend. 712 (March 3, 2008 Supp.).

Applying these provisions to the circumstance presented, it is clear retroactive application of a two-level reduction under Amendment 706 does not apply here. As the district court explained, the offense level applied in calculating Mr. Franklin's sentence was not based on the quantity of crack cocaine he possessed under § 2D1.1, which was revised by the applicable amendments, but on his career offender status under § 4B1.1, to which Amendment 706 does not apply. As a result, "a reduction" in Mr. Franklin's term of imprisonment is inconsistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(2).

Nevertheless, Mr. Franklin argues, for the first time on appeal, that U.S.S.G. § 1B1.10 violates the separation of powers doctrine because "Congress has delegated to the Sentencing Commission the right to control the jurisdiction of Article III courts." Generally, we will not consider an issue raised for the first time on appeal, *see In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992), except, for example, in extraordinary circumstances or when the newly raised issue is primarily a legal one, which Mr. Franklin would arguably suggest is an exception to apply here. *See Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004). However, even if we consider the separation of powers issue presented, Mr. Franklin's argument must fail.

As the Supreme Court pointed out in *United States v. Booker*, the Sentencing Commission "is an independent agency that exercises policymaking authority delegated to it by Congress" and Congress' delegation of authority to that Commission to promulgate the Guidelines does not violate the separation of powers principles or otherwise exceed Congress' powers. *See* 543 U.S. 220, 242-43 (2005). More specifically, after severing and excising 18 U.S.C. §§ 3553(b)(1) and 3742(e) of the Sentencing Act, the *Booker* Court determined "[t]he remainder of the Act satisfies the Court's constitutional requirements," which the Court listed as being: "(1) constitutionally valid, (2) capable of functioning independently, and (3) consistent with Congress' basic objectives in enacting the statute." *Id.* at 258-59 (internal quotation marks and citations omitted); *see also United States v. Starks*, 551 F.3d 839, 842 (8th Cir. 2009). Obviously, the remainder of the Sentencing Act to which the Court referred includes § 3582(c), and, as the Eighth Circuit explained, "[n]either the Sixth Amendment nor *Booker* prevents Congress from incorporating a guideline provision *as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)*." *Starks*, 551 F.3d at 842 (emphasis added). In *United States v. Price*, we pointed out "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." 438 F.3d 1005, 1007 (10th Cir. 2006) (internal quotation marks and citation omitted). We also explained that by the

very terms of § 3582(c)(2), "the court only has authority to modify a sentence when the range has been lowered 'by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).'" *Id.* at 1006-07 (quoting § 3582(c)(2)).  Applying these principles, it is clear § 1B1.10(a)(2)(B) defines and limits a district court's authority to reduce a sentence under § 3582(c) and, in this case, it had the effect of limiting the district court from reducing Mr. Franklin's term of imprisonment because he is a career offender.  For these reasons, even if we consider his newly raised claim, Mr. Franklin cannot prevail on his separation of powers argument.


III.  Conclusion

We **AFFIRM** the district court's order denying Mr. Franklin's motion filed pursuant to 18 U.S.C. § 3582(c)(2).


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge