FILED
United States Court of Appeals
Tenth Circuit

April 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-3342 |
| v. | (D. of Kan.) |
| JESSIE AILSWORTH, JR., | (D.C. No. 94-CR-40017-SAC-001) |
| Defendant-Appellant. | |

---

## ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Jessie Ailsworth, Jr., a federal prisoner serving a 360-month sentence for

crack cocaine trafficking and other crimes, brings this appeal challenging the

district court's dismissal of his motion to reduce his sentence. He claims a recent

amendment to the United States Sentencing Guidelines (USSG), which applies

retroactively and lowers certain base offense levels associated with crack cocaine

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

convictions, mandates he receive a reduced sentence. The district court dismissed his motion, finding Ailsworth's circumstances are not within the scope of the amendment and that the court was therefore without jurisdiction to reconsider his sentence.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's dismissal of his motion.

## I. Background

The parties are familiar with the facts of this case, so we only briefly summarize the relevant background here. After being indicted on forty-five counts relating to possession and distribution of cocaine base or crack cocaine, food stamp fraud, and various firearm charges, Ailsworth was convicted by a jury on seven of the charges. The presentence report (PSR) attributed 12 kilograms of cocaine base to Ailsworth, resulting in an offense level of 38 under USSG § 2D1.1(c)(1). The district court, after adjusting the offense level upward by 4 levels because of Ailsworth's role as a leader of a drug trafficking conspiracy, followed the Guidelines and sentenced Ailsworth to 360 months' imprisonment. We affirmed Ailsworth's convictions and sentence on direct appeal. *United States v. Ailsworth*, 138 F.3d 843 (10th Cir. 1998).

Ailsworth then sought habeas relief pursuant to 28 U.S.C. § 2255, raising various procedural and constitutional challenges to his sentence. *United States v. Ailsworth*, 206 F. Supp. 2d 1148 (D. Kan. 2002). The district court granted relief

-2-

on one issue, reducing Ailsworth's term of supervised release to five years, but denied the remainder of his § 2255 motion. *United States v. Ailsworth*, No. 99-3324-SAC, 2002 WL 31314798 (D. Kan. Aug. 18, 2002). We denied Ailsworth a certificate of appealability and dismissed his appeal. *United States v. Ailsworth*, No. 02-3396 (10th Cir. Apr. 14, 2004). We also subsequently denied him permission to file a successive § 2255 motion. *United States v. Ailsworth*, No. 06-3001 (10th Cir. Jan. 31, 2006).

At issue here is Ailsworth's July 2008 motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Guidelines, which allows for the reduction of some sentences involving crack cocaine. The district court dismissed his motion, finding that although Amendment 706 applied retroactively and "raised the threshold amount of cocaine base from 1.5 kilograms to 4.5 kilograms for a base offense level of 38," Ailsworth was "accountable for more than 4.5 kilograms, specifically 12 kilograms." R., Doc. 933 at 4–5. Because Ailsworth's base offense level and guideline range were unchanged even in light of Amendment 706, the district court determined it lacked jurisdiction to consider Ailsworth's motion.

## II. Analysis

We review the district court's interpretation of a statute as well as the sentencing guidelines de novo. *United States v. Sharkey*, 543 F.3d 1236, 1238

(10th Cir. 2008).  However, a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion.  *Id.*

This is not a direct appeal or § 2255 petition, so Ailsworth's motion depends entirely on § 3582(c)(2).  *Id.* (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)).  Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*"  *Id.* at 1238–39 (quoting § 3582(c)).

Amendment 706 modified the Drug Quantity Table contained in USSG § 2D1.1(c) downward two levels for crack cocaine and became effective November 1, 2007, and retroactive as of March 3, 2008.  *See* USSG App. C, Amend. 706 (Reason for Amend.); USSG § 1B1.10(a) and (c), Amends. 712, 713 (making Amendment 706 retroactive); *see also United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *petition for cert. filed* (Jan. 21, 2009) (No. 08-8318).  But the Sentencing Commission's policy statement in USSG § 1B1.10(a)(2) states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) *if– . . . [the reduction] does not have the*

-4-

*effect of lowering the defendant's applicable guideline range.*" § 1B1.10(a)(2), (a)(2)(B) (emphasis added); *see also Sharkey*, 543 F.3d at 1239.

Here, as the district court properly noted, Amendment 706 did not change Ailsworth's base offense level and therefore the Amendment's reduction "d[id] not have the effect of lowering . . . [Ailsworth's] applicable guideline range." *See* § 1B1.10(a)(2)(B). The sentencing court determined Ailsworth's base offense level of 38 by finding he was responsible for possessing and distributing 12 kilograms of cocaine base—still well above the new Amendment 706 threshold for a base offense level of 38. *See* USSG § 2D1.1(c)(1); § 2D1.1 cmt. n.10(D)(ii) ("The 2-level reduction provided in . . . [Amendment 706] shall not apply in a case in which . . . the offense involved 4.5 kg or more . . . of cocaine base."). Therefore, the district court did not err when it concluded that it lacked jurisdiction under § 3582(c)(2) to consider Ailsworth's motion for a sentence reduction pursuant to Amendment 706. *See Sharkey*, 543 F.3d at 1239; *United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) ("[T]he new amendment does not apply where more than 4.5 kilograms of [cocaine base] is involved." (citing USSG § 2D1.1 cmt. n.10(D)(ii)).

Ailsworth argues the district court erred by treating USSG § 1B1.10(a)(2)(B) as a jurisdictional limit. He contends such an approach violates the Sixth Amendment "by preserving one last mandatory guideline." Aplt. Br. at 3. Further, he claims such a jurisdictional rule violates separation of

powers principles by "investing . . . [the Sentencing Commission] with the power to control the jurisdiction of federal courts." *Id.* at 4. Ailsworth, however, concedes that our precedent forecloses his arguments. *Id.* at 3 (citing *Rhodes*, 549 F.3d 833; *Sharkey*, 543 F.3d 1236). As he states, because "there is a circuit split on this issue," he "files the instant appeal in order to preserve his ability to benefit from Supreme Court review." *Id.* Finding no merit to Ailsworth's arguments and for largely the same reasons as announced by the district court in its thorough opinion, we hold that Ailsworth is not entitled to any reduction in his sentence.

Relying on the Ninth Circuit's decision in *United States v. Hicks*, 472 F.3d 1167, 1171–72 (9th Cir. 2007), Ailsworth mistakenly claims the district court violated the Sixth Amendment by treating USSG § 1B1.10(a)(2)(B) as mandatory. First, the district court did not treat the Guideline as mandatory. Rather, the court determined that its limited jurisdiction to reduce a sentence after a retroactive amendment to the Guidelines was controlled by statute, namely 18 U.S.C. § 3582(c)(2).

Second, Ailsworth's argument is foreclosed by our prior decision in *Rhodes*, 549 F.3d 833. Rejecting the Ninth Circuit's approach in *Hicks*, we stated:

> The problem with the *Hicks* decision, in our view, is that it failed to consider that, as outlined above, sentence modification proceedings have a different statutory basis than original sentencing proceedings.

As a result, the Ninth Circuit erroneously concluded that the remedial portion of the *Booker* decision, which rendered the guidelines effectively advisory for purposes of original sentencing proceedings, applied to § 3582(c)(2) proceedings as well.

*Rhodes*, 549 F.3d at 841.[1] We concluded that neither *Booker* nor Sixth Amendment concerns have any "bearing on sentencing modification proceedings conducted under § 3582(c)(2)." *Id.* at 840. Because "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court," *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008), Ailsworth's Sixth Amendment contention fails.

Ailsworth also raises a separation of powers challenge to the district court's limited jurisdiction under § 3582(c)(2). He argues, for the first time on appeal, that our approach in *Rhodes* "invests the Sentencing Commission, a mere agency, with the power to determine which cases the federal courts have jurisdiction to consider." Aplt. Br. at 4.

We generally will not consider an issue raised for the first time on appeal. *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002). But even if we consider the separation of powers issue, Ailsworth's argument fails. The

---

[1] In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines were advisory by excising the mandatory provision in 18 U.S.C. § 3553(b). *Rhodes*, 549 F.3d at 839. Notably, however, the *Booker* decision had no effect on 18 U.S.C. § 3582(c)(2). *Id.* at 840; *see also United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *petition for cert. filed* (Jan. 21, 2009) (No. 08-9494) ("A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy.").

Supreme Court noted in *Booker* that the Sentencing Commission "is an independent agency that exercises policymaking authority delegated to it by Congress" and the Commission's authority to promulgate the Guidelines does not violate separation of powers principles. 543 U.S. at 242–43. In particular, after excising certain provisions which had made the Guidelines mandatory, *Booker* determined that "[t]he remainder of the [Sentencing] Act satisfies the Court's constitutional requirements." *Id.* at 259.

Section 3582 is included in that constitutionally valid remainder. "[N]either the Sixth Amendment nor *Booker* prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *United States v. Starks*, 551 F.3d 839, 842 (8th Cir. 2009); *United States v. Franklin*, No. 08-3315, 2009 WL 962677, at *4 (10th Cir. Apr. 10, 2009) (unpublished). Furthermore, in *United States v. Price*, we concluded that "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." 438 F.3d 1005, 1007 (10th Cir. 2006) (internal quotation marks and citation omitted). The express terms of § 3582(c)(2) provide that "the court only has authority to modify a sentence when the range has been lowered '*by the Sentencing Commission.*'" *Id.* at 1006–07 (quoting § 3582(c)(2)) (emphasis added); *see also United States v. Pedraza*, 550 F.3d 1218, 1221 (10th Cir. 2008), *petition for cert. filed* (Jan. 21, 2009) (No.

-8-

08-9494) (approving of the relationship between the Commission and the courts'
jurisdiction and stating "eligibility for reduction under § 3582(c)(2) is 'inexorably
tied' to Sentencing Commission policy statements. . . . We must therefore turn to
the Commission's policy statements to determine the scope of the statutory grant
of resentencing authority." (citation omitted)).

Section 1B1.10(a)(2)(B), promulgated by the Commission, both defines and
limits a district court's authority to reduce a sentence under § 3582(c)(2). And, in
this case, because of the cocaine quantity involved in Ailsworth's conviction, the
district court was without power to reduce Ailsworth's prison term. Therefore,
even if we were to address Ailsworth's separation of powers argument on appeal,
it fails.

### III. Conclusion

For the foregoing reasons we AFFIRM the district court's dismissal of
Ailsworth's motion for a sentence reduction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge