FILED
United States Court of Appeals
Tenth Circuit

March 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JESSIE AILSWORTH, JR.,

Defendant–Appellant.

No. 12-3342
(D.C. No. 5:94-CR-40017-SAC-1)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Jessie Ailsworth, Jr., a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal for lack of jurisdiction of his petition for a writ of audita querela under 28 U.S.C. § 1651 (All Writs Act). We deny a certificate of appealability (COA) and dismiss this proceeding.

## Background

Ailsworth was convicted by a jury of drug-trafficking and other offenses in 1996 and was sentenced to 360 months' imprisonment and ten years' supervised

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release. The length of his prison sentence was based, in part, on the district court's finding that twelve kilograms of cocaine base were attributable to him.

After an unsuccessful appeal to this court, *see United States v. Ailsworth*, 138 F.3d 843 (10th Cir. 1998), he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court granted him partial relief based on the government's failure to file an information stating the prior convictions that it would rely on in seeking a sentence enhancement, as required by 21 U.S.C. § 851(a)(1). *See United States v. Ailsworth*, 206 F. Supp. 2d 1148, 1152-54 (D. Kan. 2002). The government initially asserted that it had filed the information required by § 851(a)(1), and the district court therefore ordered an evidentiary hearing. *See id.* at 1154. But the government later confessed error and moved the court to amend Ailsworth's sentence. The district court had determined that "[t]he only part of the defendant's sentence affected by a prior conviction that would trigger the § 851 notice requirement was the term of supervised release" because Ailsworth's "term of custody was not enhanced as a result of any prior convictions subject to § 851 notice." *Id.* at 1152 & n.1 (footnote omitted). The court therefore entered an amended judgment on September 12, 2002, reducing Ailsworth's term of supervised release from ten years to five years. We denied his application for a COA.

In 2006, Ailsworth sought authorization from this court to file a second or successive § 2255 motion arguing that his sentence violated *United States v. Booker*, 543 U.S. 220 (2005). We denied authorization because *Booker* was not made

retroactive to cases on collateral review. In 2008, he moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), seeking retroactive application of an amendment to the sentencing guidelines applicable to crack cocaine offenses. The district court denied the motion, and we affirmed.

Ailsworth's petition for a writ of audita querela under the All Writs Act is his latest attempt to obtain a reduction of his prison sentence. He argued that, in ruling on his § 2255 motion and finding error with respect to the § 851 sentencing enhancement, the district court was required to vacate his entire sentence and proceed with resentencing, rather than amending the judgment to reduce only his term of supervised release. He asserted that, due to the Supreme Court's intervening decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his prison sentence would have been shortened upon resentencing in 2002. Specifically, he contended that he could not be resentenced based on the district court's finding that twelve kilograms of crack cocaine were attributable to him when the jury only found him guilty of crack cocaine offenses involving 33.81 grams. Ailsworth maintained that, since 2002, he has been serving an unconstitutional sentence under *Apprendi*. The district court concluded that Ailsworth's petition was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

**Discussion**

Ailsworth must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling

rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Ailsworth meets one, but not *both,* parts of this standard.

Addressing the second part, we conclude that jurists of reason would find it debatable whether the district court's procedural ruling in this case was correct. As a result of Ailsworth's first § 2255 motion, the court entered an amended judgment reducing the length of his term of supervised release. In *Magwood v. Patterson*, the Supreme Court held that "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." 130 S. Ct. 2788, 2802 (2010) (citation and quotation omitted). The Court's decision addressed the meaning of "second or successive" in 28 U.S.C. § 2244(b), as it applies to habeas petitions under 28 U.S.C. § 2254. *See Magwood*, 130 S. Ct. at 2796-97. It concluded that use of the term "judgment" in § 2254(b) was "significant" and held "that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797.

We have applied the holding in *Magwood* to conclude that a § 2255 motion filed after an amended judgment was not second or successive under § 2255(h). *See United States v. McGaughy*, 670 F.3d 1149, 1159 n.7 (10th Cir. 2012) (citing *Magwood* and concluding, without further discussion, that a second § 2255 claim was

not second or successive "because it relate[d] to a new sentence").  Three of our

sister circuits have also extended the applicability of *Magwood* to motions under

§ 2255.  *See Suggs v. United States*, 705 F.3d 279, 282-85 (7th Cir. 2013); *In re*

*Lampton*, 667 F.3d 585, 587-90 (5th Cir. 2012); *Johnson v. United States*, 623 F.3d

41, 45-46 (2d Cir. 2010).  Ailsworth's petition for a writ of audita querela challenged

the district court's entry of the amended judgment without first providing him a full

resentencing.  Under the holding in *Magwood,* it is debatable whether the district

court was correct in deeming his petition to be an unauthorized second or successive

§ 2255 motion because he had not previously filed a § 2255 motion challenging the

amended judgment.

To obtain a COA, however, Ailsworth must also demonstrate that reasonable

jurists would debate whether his petition states a valid claim of the denial of a

constitutional right.  He contends that he was entitled to a full resentencing once the

district court determined it had erred in enhancing his sentence.  He asserts,

> In 2002 Ailsworth challenged his sentence, [arguing that it] had been impermissibly enhanced via application of a 21 U.S.C. § 851 enhancement that should not have been applied.  The GOVERNMENT CONFESSED ERROR!  The 28 U.S.C. § 2255 challenge should have resulted in the 30 year sentence being VACATED, to the end that a resentencing would occur.  This did not occur.  Rather, the government orchestrated the District Court's amending the original judgment, affecting only Ailsworth's supervised release, and affecting nothing of the sentence of incarceration originally imposed.

Application for COA at 15.  But Ailsworth does not dispute the district court's

conclusion that the § 851 error affected only his term of supervised release.  He states

- 5 -

only that vacating the entire sentence is "what is done in 28 U.S.C. § 2255 cases." *Id.* at 16. His contentions fail to make the showing necessary to obtain a COA because nothing about the district court's decision to amend the judgment with regard to his term of supervised release, rather than grant him a full resentencing, implicates the denial of a constitutional right. *Cf. Dulworth v. Jones*, 496 F.3d 1133, 1138 (10th Cir. 2007) (denying COA because district court's denial of motion for costs did not implicate a denial of a constitutional right).

## Conclusion

Because Ailsworth has not demonstrated with respect to his claim that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack*, 529 U.S. at 484, we deny his application for a COA and dismiss the appeal. Ailsworth's motion for leave to proceed on appeal without prepayment of costs or fees is granted. His motion to compel a response from the United States is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk