**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

　　v.

JESSIE AILSWORTH, JR.,

　　　　Defendant-Appellant.

No. 14-3263

(D.C. No. 5:94-CR-40017-SAC-1)

(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

Jessie Ailsworth, Jr. appeals the district court's dismissal of two motions to vacate or modify his sentence.[1] We find one of his motions is an unauthorized successive habeas petition. We thus must vacate the district court's denial of the motion, and we deny any implied application for authorization to file a successive

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Ailsworth proceeds pro se on appeal, we construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

habeas petition. As to the other motion, we dismiss the appeal as untimely under Federal Rule of Appellate Procedure 4(b)(1)(A).

## I. Background

This appeal is the latest in a years-long effort by Ailsworth to reduce the 360-month sentence he is currently serving for drug trafficking and other offenses. Ailsworth's post-conviction litigation has been recounted in detail both by this court and the district court on numerous occasions. *See, e.g.*, *United States v. Ailsworth*, 513 F. App'x 720, 721 (10th Cir. 2013); *United States v. Ailsworth*, 325 F. App'x 658, 659 (10th Cir. 2009); *United States v. Ailsworth*, No. 94-40017-01-SAC, 2014 WL 5302975, at *1 (D. Kan. Oct. 15, 2014). As is relevant to this appeal, Ailsworth filed his first 28 U.S.C. § 2255 habeas petition in 2000. The petition resulted in the entry of an amended judgment in 2002 reducing his term of supervised release from ten years to five. In 2012, he filed a petition for a writ of audita querela, which the district court construed as an unauthorized successive § 2255 motion and dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (requiring certification from a court of appeals to file a second or successive motion). More recently, in 2013, Ailsworth filed a § 2255 petition arguing for the retroactive application of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) to his sentence. The district court again found the motion was an unauthorized successive petition and dismissed for lack of jurisdiction.

## II. Discussion

*A.*   *Motion to Vacate Judgment Pursuant to Rule 36, In Pari Materia to Rule 60(b) Fed. R. Civ. Proc.*

In a motion to vacate his sentence, Ailsworth repeats his argument from other cases that *Alleyne* applies retroactively to his case. The district court treated the motion as a Rule 36 motion to correct a clerical error, and held that Ailsworth's substantive attack on his sentence fell outside Rule 36's narrow scope.[2] The government contends the district court was without jurisdiction to consider the motion because the relief sought requires that the motion be treated as an unauthorized successive § 2255 petition. We agree.

As an initial matter, the district court construed Ailsworth's pro se motion as a Rule 36, rather than a Rule 60(b), motion. As the government points out, Ailsworth did not make any arguments regarding the applicability of Rule 36 beyond his citation to the rule in the title of the motion. He did, however, discuss Rule 60(b)'s application. *See* R., Vol. I at 60–61. This is consistent with Ailsworth's brief on appeal which does not address the district court's Rule 36 holding and instead continues to argue under Rule 60(b).

---

[2] Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

Despite whether Ailsworth's intention was to file a Rule 60(b) motion, we still must determine whether the motion was a true Rule 60(b) motion or a veiled habeas petition.[3] "It is the relief sought," rather than the title of the motion, that ultimately determines whether a pleading is a § 2255 motion. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). "A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* at 1148 (internal quotation marks omitted).

Here, Ailsworth's motion seeks relief from his sentence on the ground that it was entered in violation of the Sixth Amendment. The district court even stated that Ailsworth was "plainly . . . making a substantive attack on his sentence," and that "[t]o pursue a substantive change to his sentence, [he] would have to file a § 2255 motion as he did last year."[4] R., Vol. I at 99. Thus, we find it plain that

---

[3] Our conclusion that Ailsworth's motion was intended to be a Rule 60(b) motion and not a Rule 36 motion does not change our ultimate conclusion that the motion, by whatever name, was a § 2255 petition. Our analysis "does not depend on which rule the prisoner invokes." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (quoting *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005)).

[4] We see no way to construe the district court's language to find that it treated the motion to vacate as a § 2255 petition. The court did say that the relief sought in the motion would be appropriate only through a § 2255 motion and that

(continued...)

the relief sought in his Rule 60(b) motion requires us to treat it as a § 2255

motion. Because he has already filed a § 2255 motion, it was successive and the

district court was without jurisdiction to deny the motion.[5] *See In re Cline*, 531

---

[4](...continued)
if Ailsworth attempted to do so "[t]he court would make the same ruling today" as it did in response to his 2013 § 2255 motion—that is, decline to transfer the motion to this court and dismiss the motion for lack of jurisdiction. But the court went on to state "the Rule 36 motion is denied"—a holding that required a purported exercise of jurisdiction. This reading of the district court's opinion is confirmed by its subsequent response to Ailsworth's petition for a certificate of appealability. The court issued an order explaining that "[i]n its order filed in October, the court did not address the issuance of a certificate of appealability . . . because the defendant's motions did not constitute a proceeding seeking habeas corpus relief or relief under § 2255."

[5] We previously expressed doubt as to whether the district court was correct in finding Ailsworth's 2012 motion for a writ of audita querela was a second or successive petition. *See Ailsworth*, 513 F. App'x at 722 (order denying COA). We thought it at least debatable that, under the Supreme Court's holding in *Magwood v. Patterson*, 561 U.S. 320 (2010), the motion was not successive. In *Magwood*, the Court held that "where there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." *Id.* at 341–42 (internal quotations and citation omitted). Ailsworth filed the motion for the writ after the district court entered the amended judgment reducing the term of supervised release and thus it may have been properly considered Ailsworth's first collateral attack on the amended judgment. Ailsworth has never sought to reopen the district court's procedural ruling on his motion for a writ of audita querela. And he subsequently filed a motion captioned "Jessie Ailsworth, Jr.'s Pro Se Motion to Vacate Sentence Pursuant to 28 [sic] USC § 2255[f][3]." Supp. R., Vol. I at 41. In ruling on that motion, the district court held that "[t]here is no question [that] Ailsworth's latest motion is a successive motion. At the every least, it is successive to his motion for writ of audita querela that was denied as a § 2255 motion." *United States v. Ailsworth*, Nos. 13-3081-SAC, 94-40017-01-SAC, 2013 WL 4011072, at *1 (D. Kan. Aug. 6, 2013). The same is true here. Even if his present motion is considered an attack on the amended judgment and not successive to his first habeas petition, it is certainly not his first or even second

(continued...)

F.3d 1249, 1251 (10th Cir. 2008). We therefore vacate that portion of the district court's order denying the motion. *See Nelson*, 465 F.3d at 1148 ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

So as not to prolong things, we treat Ailsworth's notice of appeal[6] and his opening brief as an implied application for leave to file a successive § 2255 motion. A successive motion is permitted only if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Ailsworth does not identify any newly discovered evidence and his argument that *Alleyne* applies retroactively is clearly foreclosed by our precedent. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (holding *Alleyne* does not apply retroactively on collateral review). Thus, we deny the implied application for authorization.

---

[5](...continued)
attempt at doing so.

[6] Ailsworth filed a petition for a certificate of appealability with this court which we took as a misdirected notice of appeal. R., Vol. I at 114.

## B.    *Motion for a Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)*

Ailsworth appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  In its response brief, the government argues the appeal should be dismissed for failure to comply with Federal Rule of Appellate Procedure 4(b)(1)(A)'s requirement that criminal appeals be filed within fourteen days from entry of judgment.  Although compliance with Rule 4(b)(1)(A) is not jurisdictional, we have held that its requirements "remain inflexible and 'thus assure relief to a party properly raising them.'"  *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).  Ailsworth's notice of appeal was filed beyond the fourteen-day deadline.  Because the government properly raised the timeliness issue in its response brief, it is entitled to a dismissal.

# III.  Conclusion

For the foregoing reasons, we VACATE that portion of the district court's opinion denying the "Motion to Vacate Judgment Pursuant to Rule 36, In Pari Materia to Rule 60(b) Fed. R. Civ. Proc." and DENY the implied application for authorization to file a successive § 2255 motion.  We DISMISS Ailsworth's appeal of his § 3582(c)(2) motion as untimely under Federal Rule of Appellate

Procedure 4(b)(1)(A).  Finally, we DENY Ailsworth's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge