FILED
United States Court of Appeals
Tenth Circuit

November 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSIE AILSWORTH, JR.,

    Defendant - Appellant.

No. 15-3153
(D.C. Nos. 5:13-CV-04081-SAC &
5:94-CR-40017-SAC-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Jessie Ailsworth, Jr., filed a motion in the district court, purportedly under

Fed. R. Civ. P. 60(b). The district court construed Ailsworth's motion as an

unauthorized second or successive motion to vacate his sentence under 28 U.S.C.

§ 2255 and dismissed it for lack of jurisdiction. Proceeding pro se, Ailsworth seeks

to appeal the district court's ruling. We deny a certificate of appealability (COA) and

dismiss this proceeding.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

A jury convicted Ailsworth of drug-trafficking and other offenses in 1996.

The district court sentenced him to 360 months' imprisonment and ten years'

supervised release. After an unsuccessful appeal to this court, *see United States v.*

*Ailsworth*, 138 F.3d 843 (10th Cir. 1998), Ailsworth filed a § 2255 motion in 1999.

The district court granted him partial relief and entered an amended judgment in

2002. The amended judgment reduced Ailsworth's term of supervised release to five

years. We denied his application for a COA.

Since the amended judgment was entered in 2002, Ailsworth has filed several

motions seeking to reduce his 360-month prison sentence, some of which have been

construed as unauthorized second or successive § 2255 motions.[1] In his latest

motion, Ailsworth once again sought the same relief. He styled this motion as filed

pursuant to Rule 60(b)(6) and *Magwood v. Patterson*, 561 U.S. 320 (2010).[2]

Ailsworth contended that his counsel in his first § 2255 proceeding provided

---

[1]  In particular, this court held that a motion Ailsworth filed in 2014 was an unauthorized second or successive § 2255 motion. *See United States v. Ailsworth*, 610 F. App'x 782, 785 n.5 (10th Cir. 2015).

[2]  Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In *Magwood*, the Supreme Court held that where "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." 561 U.S. at 341-42 (citation and internal quotation marks omitted); *see also United States v. McGaughy*, 670 F.3d 1149, 1159 n.7 (10th Cir. 2012) (applying *Magwood* to hold that § 2255 motion filed after amended judgment was not second or successive under § 2255(h)).

ineffective assistance by failing to raise an additional claim in that proceeding. Specifically, Ailsworth argued that his counsel should have claimed that a state conviction did not qualify as a prior conviction under the Sentencing Guidelines because the conduct underlying that conviction was part of the federal drug conspiracy charged in this case. Presumably, Ailsworth believes that exclusion of this prior conviction from his criminal history would affect the length of his prison sentence. Ailsworth asked the district court to set aside its 2002 amended judgment and consider this claim.

Because Ailsworth's motion sought relief from his federal sentence, the district court construed it as a § 2255 motion. The court further held that the § 2255 motion was second or successive and not authorized by this court. It therefore dismissed the motion for lack of jurisdiction.

**Discussion**

Ailsworth must obtain a COA to pursue an appeal. *See Unite States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (holding COA required to appeal dismissal of second or successive § 2255 motion purportedly filed under Rule 60(d)(3)). Although we liberally construe his pro se application for a COA, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), we do not assume the role of Ailsworth's advocate, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notably, we do not craft a party's

arguments for him. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

The district court dismissed Ailsworth's motion for lack of jurisdiction. As that ruling rested on procedural grounds, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Because reasonable jurists would not debate the correctness of the district court's procedural ruling, Ailsworth fails to meet the second part of this standard, and we therefore need not address the first part.

Ailsworth asserts that the district court erred in converting his Rule 60(b) motion to a successive § 2255 motion. But a post-judgment motion—however it is characterized by the movant—is treated as a § 2255 motion if it "asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (internal quotation marks omitted). In contrast, a proper Rule 60(b) motion either challenges "a procedural ruling of the [§ 2255] court which precluded a merits determination" or asserts "a defect in the integrity of the [§ 2255] proceeding." *Id.* (internal quotation marks omitted).

Ailsworth identifies no basis for the district court to treat his motion as a proper Rule 60(b) motion. He did not challenge any procedural ruling by the district court precluding a merits review of any of his § 2255 claims. Nor did he explicitly

- 4 -

claim any defect in the integrity of his § 2255 proceedings.  Rather, he argued that his counsel was ineffective in failing to raise an additional issue in those proceedings. But "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005); *see also United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (holding claim of ineffective assistance of counsel in § 2255 proceedings did not amount to a procedural defect in the integrity of those proceedings); *In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014) (per curiam) (reaching same holding in habeas proceedings under 28 U.S.C. § 2254), *cert. denied*, *Coleman v. Stephens*, 135 S. Ct. 41 (2014); *Franqui v. Florida*, 638 F.3d 1368, 1372-74 (11th Cir. 2011) (holding counsel's omission of a claim from a federal habeas petition was not a defect in the integrity of the habeas proceedings).

## Conclusion

Ailsworth has not demonstrated that reasonable jurists would debate the correctness of the district court's ruling that, because his motion sought § 2255 relief, it was not a proper Rule 60(b) motion.  And he does not present any argument challenging the court's further determination that his § 2255 motion was second or successive and unauthorized, and therefore subject to dismissal for lack of

jurisdiction. Accordingly, we deny Ailsworth's application for a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk